**Bhupinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74526.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 25, 2004.

Virender Kumar Goswami, Manpreet Singh Gahra, Vinay R. Chari, Esq., Law Office of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carol Federighi, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

MEMORANDUM **

Bhupinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and restriction on removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding and a denial of asylum under the substantial evidence standard and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000). As the parties are familiar with the facts, procedural history, and arguments, we cite them only as necessary. We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony was inconsistent and implausible. For instance, Singh testified that Indian police personnel arrested and tortured him in April 1999. His original asylum application and the records from an unrelated interview with an immigration officer both state that he entered the United States in September 1998. This contradiction is crucial because if Singh entered the country in September 1998, then police in India could not have arrested and tortured him in April 1999. Singh

admits that he lied during his interview with the immigration officer but he gives no satisfactory reason for why his new story should be accepted as true when he previously had not told the truth. Nor does he give a plausible explanation as to why his lawyer's "mistake" on his original asylum application produced a September 1998 entry date as well. Because these factual discrepancies go to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Wang v. Ashcroft*, 341 F.3d 1015, 1022–23 (9th Cir.2003).

We also hold that Singh's failure to raise his due process claims before the BIA results in a waiver of those claims. *See* 8 U.S.C. § 1252(d); *see also Ochave v. INS*, 254 F.3d 859, 867 (9th Cir.2001) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citations omitted).

**PETITION FOR REVIEW DENIED.**

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.